```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
         v.                  )    Cr. No. 96-cr-10047-MLW
                             )
JASON ARTHUR,                )
    Defendant.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            June 26, 2024

Petitioner Jason Arthur was convicted following a jury trial in 1998 of racketeering, racketeering conspiracy, murder in aid of racketeering (the "racketeering offenses"), two counts of possession of cocaine base with intent to distribute, and conspiracy to distribute cocaine base (the "drug offenses"). Judge Robert E. Keeton sentenced Arthur to life imprisonment in 1999.

This court subsequently appointed attorney David Rossman to represent Arthur on a motion for relief brought under the First Step Act of 2018 (the "First Step Act") (Dkt. No. 1120). Arthur then filed a "Combined Motion for Sentence Reduction and Compassionate Release Under the First Step Act" (the "Combined Motion," Dkt. No. 1124).

Arthur moves for relief on two grounds. First, he asks the court to resentence him under section 404(b) of the First Step Act, which permits courts to resentence defendants convicted of "covered offenses," a category that includes certain crack cocaine-related drug offenses. See id. at 8-17. Arthur concedes

that his racketeering convictions are not "covered offenses" under the First Step Act. See id. at 14. However, Arthur argues that the court can resentence him for both the racketeering and drug offenses because they form a single "sentencing package." See id. at 14-15 (citing United States v. Rodriguez, 112 F.3d 26 (1st Cir. 1997)). In Rodriguez, the First Circuit held that after one, but not all, of a defendant's convictions is vacated pursuant to a 28 U.S.C. §2255 motion, the court can resentence the defendant on any remaining convictions that formed part of the same "sentencing package" as the vacated conviction. See Rodriguez, 112 F.3d at 28. The First Circuit has not yet addressed whether this "sentencing package" concept applies to First Step Act motions for resentencing. However, the Seventh Circuit has held that a court may conduct a plenary resentencing for covered and non-covered offenses that were grouped to produce an aggregate sentence. See United States v. Hudson, 967 F.3d 605, 611 (7th Cir. 2020).

Second, Arthur asks the court to reduce his sentence (or grant him "compassionate release") under 18 U.S.C. §3582(c)(1)(A). Arthur argues that "extraordinary and compelling circumstances" warrant a sentence modification. Specifically, Arthur argues that a sentencing disparity concerning his murder in aid of racketeering conviction, his "exemplary disciplinary record" while incarcerated, a legal error at his sentencing, and changes in

2

sentencing law constitute "extraordinary and compelling circumstances." See Combined Motion at 18-25.

The government has opposed the Combined Motion (the "Opposition," Dkt. No. 1129). In brief, the government argues that Arthur's sentence of life imprisonment remains appropriate because of his murder in aid of racketeering conviction. See id. at 1. The government acknowledges that Arthur is eligible for resentencing on the drug offenses. See id. at 9. However, the government does not address Arthur's argument that he is eligible for plenary resentencing under the First Step Act. In addition, the government argues that Arthur has not demonstrated that "extraordinary and compelling circumstances" support a sentence reduction pursuant to §3582. See id. at 12-21. The government contends that even if the court were to find that such circumstances exist, the court should not exercise its discretion to reduce Arthur's sentence, again citing his conviction for murder in aid of racketeering. See id. at 21-24 (discussing 18 U.S.C. §3553(a) factors).

Arthur has filed a reply (Dkt. No. 1130).

The court intends to hold a hearing on the Combined Motion after receiving additional, up-to-date briefing.

In view of the foregoing, it is hereby ORDERED that:

1. The parties shall, by July 24, 2024, file supplemental memoranda identifying any relevant case law since their prior

submissions, or report that they have not identified additional relevant case law.

2. The government shall, by July 24, 2024, file a memorandum addressing Arthur's assertion that the court may, pursuant to the First Step Act, resentence him for both his drug and racketeering convictions.

 

                                                    */s/ Mark L. Wolf*
                                         UNITED STATES DISTRICT JUDGE